UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407,
Cherry Hill, New Jersey 08034
Telephone: (609) 397-9200
FACSIMILE: (856) 667-1456
(COUNSEL FOR MOVANT)

Order Filed on August 27, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Jovanny A. Valdez
          Debtor

Case Number:  19-16636-MBK

Chapter 13

Hearing: July 24, 2019, at 10:00 a.m.

**ORDER SETTLING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: August 27, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(page 2)
Debtor: Jovanny A Valdez
Case Number: 19-16636-MBK
Caption of Order: Order Settling Objection to Confirmation of Chapter 13 Plan

---

Upon the Chapter 13 Plan filed by Debtor at docket entry 13 and the Objection to Chapter 13 Plan of Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as the trustee for the Brougham Fund I Trust, by its servicer BSI Financial Services, Inc. ("Creditor") at docket entry 21, it is hereby ORDERED and DECREED as follows:

1. Debtor shall pay monthly adequate protection payments to Creditor in the amount of $2,891.85 beginning May 1, 2019 pending Debtor's application for a loan modification. If Debtor defaults on payments exceeding thirty (30) days, then Creditor may file a Certificate of Default with the Court in order to obtain relief from the Automatic Stay of 11 U.S.C. § 362 regarding the real property located at 632 Colgate Ave., Perth Amboy, NJ 08861 ("Property").

2. Debtor shall submit a complete loss mitigation application to Creditor by August 31, 2019 or by date as extended by Court Order. If Debtor fails to comply with this paragraph, then Creditor may file a Certificate of Default with the Court in order to obtain relief from the Automatic Stay of 11 U.S.C. § 362 regarding the Property.

3. Debtor shall obtain a loan modification with Creditor by October 31, 2019 or by date as extended by Court Order. If Debtor fails to comply with this paragraph, then Creditor may file a Certificate of Default with the Court in order to obtain relief from the Automatic Stay of 11 U.S.C. § 362 regarding the Property.

4. Debtor shall be scheduled to pay $18,000.00 to Creditor through the Plan in accordance with Part 4.a. of Debtor's Chapter 13 Plan (docket entry 13) pending completion of a loan modification with Creditor.

5. If Debtor executes a final loan modification with Creditor, then Creditor shall file an Amended Proof of Claim with the Court reflecting the terms of the loan modification agreement.

6. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

7. By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understands the terms of the Stipulation/Consent Order and agrees to its terms regardless of whether Debtor actually signed the Stipulation/Consent Order. Seen and agreed by the parties on the date set forth.

/s/ Christopher M. McMonagle

CHRISTOPHER M. MCMONAGLE, ESQUIRE
STERN & EISENBERG, PC
ATTORNEY FOR CREDITOR
Date: 8/16/2019

JUSTIN M. GILLMAN, ESQUIRE
ATTORNEY FOR DEBTOR
Date: 8/16/19