**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

 0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Jovanny A Valdez**

Case No.: **19-16636-MBK**

Judge: **Hon. Michael B. Kaplan, USBJ**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original           ☑ Modified/Notice Required           Date: **4/1/2019**
☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **JMG**          Initial Debtor:  **JAV**          Initial Co-Debtor  _____

### Part 1: Payment and Length of Plan

    a. The debtor shall pay  **450.00 Monthly**  to the Chapter 13 Trustee, starting on  **May 1, 2019**  for approximately **14** months, then shall pay **2,761.00 Monthly** to the Chapter 13 Trustee, starting on **July 1, 2020** for approximately **31** months, then shall pay **2,804.00 Monthly** to the Chapter 13 Trustee, starting on **February 1, 2023** for approximately **6** months, and then shall pay **3,200.00 Monthly** to the Chapter 13 Trustee, starting on **August 1, 2023** for approximately **33** months.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. [✓] Other information that may be important relating to the payment and length of plan:
**Debtor previously confirmed a COVID-19 Chapter 13 Plan Modification so plan length is 84 months.**

### Part 2: Adequate Protection         **X NONE**

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---:|
| **Justin M. Gillman, Esq.** | **Attorney Fees-Previously Allowed and Paid** | 9,836.00 |

| Justin M. Gillman, Esq. | Supplement Attorney Fees - Subject to Filing of Application for Compensation and entry of Order Allowing Fees (Amount is estimated and shall be fixed by Order) | 2,000.00 |
|---|---|---|

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Fay Servicing, LLC | 632 Colgate Avenue Perth Amboy, NJ 08861 | 12,152.26 | 0.00 | 12,152.26 | Regular Payments |
| Wilmington Savings Fund Society, FSB (Fay Servicing, LLC) | 632 Colgate Avenue Perth Amboy, NJ 08861 | 165,547.37 | 0.00 | 165,547.37 | 3,789.62 |

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of New York | 631 Colgate Avenue Perth Amboy, NJ 08861 | 1,295.12 | 0.00 | 1,295.12 | 1,414.34 |

c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

### Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☑  Not less than __100__ percent

☐  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

| Part 6: | Executory Contracts and Unexpired Leases | | X NONE | |
|---|---|---|---|---|

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

| Part 7: | Motions    X NONE |
|---|---|

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ✓ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ✓ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ✓ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

| Part 8: | Other Plan Provisions |
|---|---|

    a. **Vesting of Property of the Estate**
        ✓ Upon Confirmation
        ☐ Upon Discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ■ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **05/22/2020**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Pursuant to Order Resolving Motion for Relief from Stay with Secured Creditor, post-petition arrears added to Plan.** | **Post-petition arrears added to Plan and plan payments adjusted to include payment over life of Plan.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $450.00 per month for 14 months, then $2,761.00 per month for 31 months, then $2,804.00 per month for 6 months, then $3,200.00 per month for 33 months**

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| | | |
|---|---|---|
| Date: | July 21, 2023 | /s/ Jovanny A Valdez |
| | | **Jovanny A Valdez** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |
| | | |
| Date | July 21, 2023 | /s/ **Justin M. Gillman, Esq.** |
| | | **Justin M. Gillman, Esq.** |
| | | Attorney for the Debtor(s) |

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 19-16636-MBK
Jovanny A Valdez  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 3
Date Rcvd: Jul 31, 2023     Form ID: pdf901     Total Noticed: 23

The following symbols are used throughout this certificate:
**Symbol  Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

##     Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jovanny A Valdez, 130 Lewis St, Perth Amboy, NJ 08861-4621 |
| lm | + | BSI Financial Services as servicer for Wilmington, 632 Colgate Avenue, Perth Amboy, NJ 08861-2337 |
| cr | + | Wilmington Savings Fund Society, FSB, et al, c/o Stern & Eisenberg, PC, 1040 N. Kings Highway, Suite 407, Cherry Hill, NJ 08034-1925 |
| 518157939 | + | BSI, 314 S Franklin Street, Titusville, PA 16354-2168 |
| 518157941 | + | Caliber, 715 S Metropolitan, Oklahoma City, OK 73108-2054 |
| 519827122 | + | Fay Servicing, LLC as servicing agent for U.S. Ban, Gross Polowy LLC, 1775 Wehrle Drive, Suite 100, Williamsville NY 14221-7093 |
| 518157947 | + | Middlesex County Sheriff's Office, 701 Livingston Ave., New Brunswick, NJ 08901-3345 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jul 31 2023 21:31:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jul 31 2023 21:31:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 518157940 | | Email/Text: creditcardbkcorrespondence@bofa.com | Jul 31 2023 21:30:00 | Bankamerica, 1800 Tapo Canyon Ca6 914 01 91, Simi Valley, CA 93063 |
| 518157942 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 31 2023 21:32:39 | Capital One Bank Usa N, 15000 Capital One Dr, Richmond, VA 23238 |
| 518229907 | + | Email/PDF: ebn_ais@aisinfo.com | Jul 31 2023 21:32:22 | Capital One Bank (USA), N.A., 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518157943 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jul 31 2023 21:43:24 | Cbna, Po Box 6497, Sioux Falls, SD 57117-6497 |
| 518157945 | | Email/Text: bankruptcycourts@equifax.com | Jul 31 2023 21:31:00 | Equifax, P.O. Box 740241, Atlanta, GA 30374-0241 |
| 518157946 | | ^ MEBN | Jul 31 2023 21:28:59 | Experian, 475 Anton Blvd, Costa Mesa, CA 92626-7037 |
| 518157944 | | Email/PDF: ais.chase.ebn@aisinfo.com | Jul 31 2023 21:43:16 | Chase Card, 201 N. Walnut St//De1 1027, Wilmington, DE 19801 |
| 519539837 | + | Email/Text: mtgbk@shellpointmtg.com | Jul 31 2023 21:31:00 | THE BANK OF NEW YORK MELLON, c/o Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville, SC 29603-0675, THE BANK OF NEW YORK MELLON, c/o Shellpoint Mortgage Servicing 29603-0826 |
| 519539836 | + | Email/Text: mtgbk@shellpointmtg.com | Jul 31 2023 21:31:00 | THE BANK OF NEW YORK MELLON, c/o Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville, SC 29603-0826 |

| Recip ID | | | | | |
|---|---|---|---|---|---|
| 518292000 | | Email/Text: creditcardbkcorrespondence@bofa.com | | | |
| | | | Jul 31 2023 21:30:00 | | THE BANK OF NEW YORK MELLON FKA THE BANK Et Al..., c/o Bank Of America, N.A., PO BOX 31785, Tampa, FL 33631-3785 |
| 518157952 | ^ | MEBN | | | |
| | | | Jul 31 2023 21:28:26 | | TransUnion, P.O. Box 2000, Crum Lynne, PA 19022 |
| 519208817 | ^ | MEBN | | | |
| | | | Jul 31 2023 21:29:05 | | U.S. Bank Trust National Association, as Trustee f, PO Box 814609, Dallas, TX 75381-4609 |
| 519208818 | ^ | MEBN | | | |
| | | | Jul 31 2023 21:29:05 | | U.S. Bank Trust National Association, as Trustee f, PO Box 814609, Dallas, TX 75381-4609, U.S. Bank Trust National Association, as, PO Box 814609, Dallas, TX 75381-4609 |
| 518291673 | + | Email/Text: bankruptcy@bsifinancial.com | | | |
| | | | Jul 31 2023 21:31:00 | | Wilmington Savings Fund Society, FSB, BSI Financial Services, Inc., 314 South Franklin Street,P.O. Box 517, Titusville, PA 16354-0517 |

TOTAL: 16

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 518157948 | | Selportsvc |
| 518157949 | | Statebridg |
| 518157950 | | Stebrdge Co |
| 518157951 | ##+ | Stern & Eisenberg, PC, 1040 N. Kings Highway, Suite 407, Cherry Hill, NJ 08034-1925 |

TOTAL: 3 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2023          Signature:      /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 28, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Albert Russo | docs@russotrustee.com |
| Ashley Pascuzzi | on behalf of Creditor Fay Servicing LLC as servicing agent for U.S. Bank Trust National Association, as Trustee for CVI LCF Mortgage Loan Trust I ecfnotices@grosspolowy.com |
| Courtney R. Shed | on behalf of Creditor Fay Servicing LLC as servicing agent for U.S. Bank Trust National Association, as Trustee for CVI LCF Mortgage Loan Trust I cshed@grosspolowy.com, ecfnotices@grosspolowy.com |
| Denise E. Carlon | |

on behalf of Creditor The Bank of New York Mellon fka The Bank of New York as Trustee, et al... dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Justin M Gillman

on behalf of Debtor Jovanny A Valdez ecf@gbclawgroup.com GillmanBrutonCaponeLLC@jubileebk.net,e4eaf5f23@maildrop.clio.com;jgillman@ecf.courtdrive.com

Melissa N. Licker

on behalf of Creditor U.S. Bank Trust National Association as Trustee for CVI LCF Mortgage Loan Trust I mlicker@hillwallack.com, HWBKnewyork@ecf.courtdrive.com

Phillip Andrew Raymond

on behalf of Creditor U.S. Bank Trust National Association as Trustee for CVI LCF Mortgage Loan Trust I phillip.raymond@mccalla.com, mccallaecf@ecf.courtdrive.com

Sherri Jennifer Smith

on behalf of Creditor The Bank of New York Mellon fka The Bank of New York as Trustee, et al... ssmith@pincuslaw.com, brausch@pincuslaw.com

Steven P. Kelly

on behalf of Creditor Wilmington Savings Fund Society FSB, et al skelly@sterneisenberg.com, bkecf@sterneisenberg.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11